■ In the Matter of the Arbitration Between DAVID SMITH, as Administrator of the Estate of ANNA SMITH, Deceased, et al., Appellants, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent. LOUISE LASKO et al., Appellants, v. SIGMUND HIRSCH et al., Respondents.— Judgment entered February 5, 1969, unanimously modified on the law and the facts, to the extent of striking therefrom the third decretal paragraph, together with the provision for a permanent stay in the fourth decretal paragraph and substituting therefor a provision providing for a temporary stay, without costs and without disbursements. The stay appealed from, undertaking to permanently inhibit the claimants-plaintiffs from proceeding against the Motor Vehicle Accident Indemnification Corporation, is premature under the circumstances of this case. A violation of subdivision (a) of section 1210 of the Vehicle and Traffic Law may result in the owner of the car being found guilty of negligence in the creation

of an opportunity for the theft of the car. Yet, the trier of the facts may further find that the acts of Santiago, the thief in the instant case, were not the legal responsibility of the defendants herein. (*Lotito* v. *Kyriacus*, 272 App. Div. 635.) A violation of the Vehicle and Traffic Law may still be found not to be the proximate cause of an accident. (*Ortiz* v. *Kinoshita & Co.*, 30 A D 2d 334.) Accordingly, it may eventuate that the defendants herein are not legally liable for the accident. In which event, a permanent stay would leave the plaintiffs remediless and denied recovery from anyone. The order entered November 15, 1968, denying plaintiffs' motion for summary judgment is, however, unanimously affirmed, and for the foregoing reasons. The appeal from the order dated January 13, 1969 denying resettlement of the judgment is dismissed as academic in view of the foregoing disposition. If plaintiffs are so advised, and meet with the statutory requirements, they should on application be granted a preference in the interests of justice pursuant to CPLR 3403 (subd. [a], par. 3). (See *Rasner* v. *Golden Skillet of N. Y.*, 33 A D 2d 679; *Sullivan* v. *Ganios*, 31 A D 2d 527; CPLR 3212, subd. [g]; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3211.42; 3212.12.) Concur — Stevens, P. J., Eager, McGivern, McNally and Tilzer, JJ.